## MARTIN RUANE v. ERIE RAILROAD COMPANY.

Argued June 5, 1912—Decided November 18, 1912.

In a suit for damages arising from the death of a locomotive fireman caused by the explosion of the boiler of the locomotive, the court charged that the duty of the defendant was to see that the inspection was so thorough as to disclose any defects in the locomotive, and to see that the machine was kept as far as human ability can keep it in perfect condition for the work which it is designed to do. *Held,* erroneous, since the legal duty imposed upon the master is limited to the use of reasonable care and ordinary prudence under the circumstances.

---

On error to the Hudson Circuit.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *George L. Record.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff, an administrator, brought suit against defendant to recover damages as the result of the death

of Patrick Ruane, a fireman, employed by defendant upon one of its locomotives. The decedent met his death while engaged in his occupation by the exploding of the boiler in the locomotive upon which he was employed; the explosion having been caused, as plaintiff alleged, by the want of proper inspection and repair by the defendant. The jury found for the plaintiff, and we are asked to reverse the judgment upon various reasons assigned for error. Our examination of the case has led us to the conclusion that in one respect only can it be said that there was legal error, which may have worked to the detriment of the defendant. The defendant met the insistence of the plaintiff with proof of inspection and repair, which it contended was as thorough and as reasonable as the law required, and as circumstances would permit, and the trial at Circuit was conducted practically upon that issue. The learned trial court, in its instruction to the jury, used this language: "The law charges upon everyone owning machines of any kind, locomotives or anything else, to inspect them properly, at reasonable times, and to see that the inspection is so thorough as to disclose any defects in the machines or in the locomotives as it was in this case;" and again regarding the character of the inspection, "to see that the machine is kept so far as human ability can keep it in perfect condition for the work which it is designed to do." These instructions we conceive imposed an obligation of legal duty upon the defendant greater than the rule of law requires, and placed the defendant, as to the care and inspection of its locomotives, substantially in the *status* of an insurer against defects which human ability might be able to discover. The legal rule of duty in such cases has been the subject of frequent consideration in this court and in the Court of Errors and Appeals, and has been circumscribed invariably by the limitation of "reasonable care." Thus, in the case of *Randolph* v. *New York Central Railroad Co.*, 40 *Vroom* 422, Mr. Justice Swayze, speaking for the Court of Errors and Appeals, says: "The duty of the employer is to exercise reasonable care and skill in making inspections and tests at proper intervals. This duty is satisfied if the master uses such reasonable precautions as a man of ordinary pru-

dence would use for the safety of himself and his workmen under the circumstances. We think this duty is satisfied if the master exercises the same care that is ordinarily exercised; and that one engaged in practical operations is not bound to make either the inspection or the tests which may be possible in a laboratory or upon a small scale, and outside of the practical conduct of affairs." To the same effect is the language employed by Mr. Justice Magie in this court in *Atz* v. *Manufacturing Company*, 30 *Id.* 43, subsequently approved in the Court of Errors and Appeals in *Baldwin* v. *Atlantic City Railroad Co.*, 35 *Id.* 232: "The master does not insure the safety of the machine, nor is he bound to extraordinary or the highest diligence respecting it, but only to use such reasonable precautions as a man of ordinary prudence would use for the safety of himself and his workmen under the circumstances." To the same effect is the recent case of *Bleiwise* v. *Pennsylvania Railroad Co.*, in this court, 52 *Id.* 160.

For this reason we are of the opinion that the judgment below should be reversed and that a *venire de novo* should issue.